**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-20148-GAYLES**

ORIBE HAIR CARE, LLC,
     **Plaintiff,**

v.

ORIBE CANALES, et al.,
     **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Oribe Canales and Orizak, LLC's

Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [ECF No. 49]. The Court has reviewed the

Motion and the record and is otherwise fully advised. For the reasons set forth below, the

Court grants the Motion.

## I.    BACKGROUND

Plaintiff Oribe Hair Care, LLC ("OHC"), is a New York limited liability company that

designs and distributes haircare and beauty products throughout the United States under the

federally registered ORIBE trademark. [ECF No. 1 at 1]. Defendant Oribe Canales is a celebrity

hairstylist who cofounded OHC in 2007 [*Id.* at 3], and Defendant Orizak, LLC, is a limited

liability company that operates the Oribe Salon in Miami Beach, Florida under the direction and

supervision of Canales. [*Id.* at 1]. From 2007 to 2012, Canales and OHC entered into four

agreements governing, *inter alia*, the parties' ownership interests and the extent to which the

parties are permitted to utilize Canales's name, image, and likeness.[1]

---

[1]   The four agreements include: the Contribution Agreement [ECF No. 30-1]; the Master Assignment and License Agreement [ECF No. 30-2]; the Canales License Agreement [ECF No. 30-4]; and the Settlement Agreement and Release [ECF No. 21]. Orizak was a party to only one of the four agreements: the Canales License Agreement. [ECF No. 57 at 6].

On or about January 6, 2017, Canales posted an image on Instagram. [*Id.* at 7]. The image depicted a caricature of Canales crucified on a cross, holding shears and a blow dryer, and surrounded by women. [*Id.* at 7–9]. His first name, "ORIBE," and the words "KINDA GENIUS" appeared at the bottom of the image. [*Id.*]. On January 12, 2017, OHC filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, arguing, *inter alia*, that Canales's Instagram image harmed OHC's trademarks and reputation. [ECF No. 6]. The Court granted OHC's Emergency Motion [ECF No. 11]. At a hearing on January 23, 2017, Defendants argued that this Court is not the appropriate forum for this action and agreed to refrain from using the image at issue while they filed their motion to transfer venue. [ECF No. 33]. Accordingly, the Court found good cause to extend the Temporary Restraining Order so that the Court could rule on the motion. [*Id.*].

On February 24, 2017, Defendants filed the instant Motion to Transfer, asserting that this action should be transferred to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) because four separate agreements contain valid and mandatory forum-selection clauses requiring that any controversy, claim, or matter "arising out of" or relating to the agreements be filed in the courts of New York. [ECF No. 49 at 6].

Specifically, the Contribution Agreement (and the Master Assignment and License Agreement, which incorporates the Contribution Agreement [ECF No. 30-2 ¶ 5]) contains the following forum-selection clause:

> In the event of any controversy or claim arising out of or relating to this Agreement or the breach or alleged breach hereof, each of the parties hereto irrevocably (a) submits to the exclusive jurisdiction of the U.S. District Court for the Southern District of New York located in New York County or, if such court does not have jurisdiction, the New York Supreme Court sitting in New York County, (b) waives any objection which it may have at any time to the laying of venue of any action or proceeding brought in any such court, (c) waives any claim that such action or proceeding has been brought in an inconvenient forum or that there is a more convenient forum for such action or proceeding . . .

[ECF No. 30-1 § 9.06]. The Canales License Agreement[2] contains the following forum-selection clause:

> The Parties agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Southern District of New York or any New York State court sitting in New York City, so long as one of such courts shall have subject matter jurisdiction over such suit, action or proceeding, and that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of New York, and each of the Parties hereby irrevocably consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. . . .

[ECF No. 30-4 § 9.10]. And the Settlement Agreement and Release contains the following forum-selection clause:

> Each Party hereto irrevocably and unconditionally submits to and accept [*sic*] the exclusive jurisdiction of the United States District Court for the Southern District of New York located in the Borough of Manhattan or the courts of the State of New York located in the County of New York for any action, suit or proceeding arising out of or based upon this Agreement or any matter relating to it and waive [*sic*] any objection that it may have to the laying of venue in any such court or that such court is an inconvenient forum or does not have personal jurisdiction over them. . . .

[ECF No. 21 ¶ 20(d)].

OHC does not dispute that the forum-selection clauses are valid; rather, it argues that the forum-selection clauses do not apply because the claims in the Complaint do not fall within the scope of the four agreements. [ECF No. 57 at 3].

---

[2]  The Canales License Agreement is the only agreement of the four agreements to which Orizak is also a party. [ECF No. 57 at 6].

## II. LEGAL STANDARD

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." In the absence of a valid forum-selection clause, courts must consider various public and private interest factors to determine whether transfer under § 1404(a) is appropriate. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). When there is a valid forum-selection clause, the court's analysis changes in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) the court "should not consider arguments about the parties' private interests"; and (3) the choice-of-law rules of the original venue are not transferred to the new venue—"a factor that in some circumstances may affect public-interest considerations." *Id.* at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582 (citations omitted).

The resolution of this motion, therefore, involves two steps. First, the Court must determine whether the forum-selection clauses at issue are valid. *See id.* at 581 n.5. If the forum-selection clauses are valid, the Court must then apply the modified analysis from *Atlantic Marine* outlined above.

## III. DISCUSSION

### A. *Applicability of the Forum-Selection Clause*

The parties do not dispute the validity of the forum-selection clauses; rather, they dispute the applicability of the clauses to the claims in the Complaint. Specifically, OHC argues that Defendants' transfer argument is focused on the Complaint's trademark infringement claims and that it fails to take thirteen[3] of the Complaint's sixteen counts into account.[4] [ECF No. 57 at 2].

To determine whether a claim or relationship falls within the scope of a forum-selection clause, the Court must look to the language of the clause. *See Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012); *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (holding that "the plain meaning of a contract's language governs its interpretation" in the context of interpreting a forum-selection clause). Here, all of the forum-selection clauses at issue require the parties to submit to the jurisdiction of New York courts for any actions "arising out of" the agreements "or relating to" [ECF No. 30-1 § 9.06, ECF No. 30-2 ¶ 5], "in connection with" [ECF No. 30-4 § 9.10], "or based upon" [ECF No. 21 ¶ 20(d)] the agreements. The Eleventh Circuit has held that "arising under or in connection with" language in a forum-selection clause should be interpreted to "include[ ] all causes of action arising directly or indirectly from the business relationship evidenced by the contract," *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc), *aff'd*, 487 U.S. 22 (1988),

---

[3]  These counts include false designation of origin and unfair competition, trademark dilution, Florida's Deceptive and Unfair Trade Practices Act, defamation, trade libel, tortious interference, and breach of fiduciary duty.

[4]  OHC also notes that Orizak is a party to only one of the four agreements. [ECF No. 57 at 6]. However, the absence of Orizak from the parties' three other agreements does not preclude the enforcement of the forum-selection clauses. "[A] party need not sign a forum selection clause to be bound by the terms of the clause." *Gonzalez v. Watermark Realty Inc.*, No. 09-60265, 2010 WL 1299740, at *4 (S.D. Fla. Mar. 30, 2010). "So long as the nonparties are 'closely related to the dispute such that it becomes foreseeable that [non-parties] will be bound' the forum-selection clause can bind non parties." *Id.* (quoting *Lipcon v. Underwriters at Lloyd's, Lon.*, 148 F.3d 1285, 1299 (11th Cir. 1998)). As a signatory of the Canales License Agreement—which makes reference to the Contribution Agreement—and because the parties failed to brief anything about Orizak's relationship to the other parties other than identifying Orizak as the limited liability company that operates Oribe Salon, the Court finds that Orizak's rights are sufficiently "'directly related to, if not predicated upon' the interests of [Oribe]," *Lipcon*, 148 F.3d at 1299 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir. 1996)), such that Orizak "should benefit from and be subject to [the] forum selection clauses." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988).

including tort claims. *See Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 560 (11th Cir. 2016) (per curiam).

OHC offers a narrow interpretation of the agreements as governing equity stakes, ownership interests, and asset transfers rather than its defamation, deceptive trade practices, and trademark infringement claims here. OHC argues that "[t]he forum-selection clauses do not apply to the 'subject matter of' those Agreements, but rather are limited to claims arising out of or related to the Agreement or the breach or alleged breach thereof." [ECF No. 57 at 9]. In essence, OHC argues that the forum-selection clauses would apply in a breach of contract claim, but because it did not bring such a claim here, the forum-selection clauses are inapplicable. OHC's arguments are unconvincing.

OHC's decision to assert a variety of claims in its Complaint—while conveniently excluding a breach of contract claim—does not preclude the applicability or enforceability of the agreements' forum-selection clauses. The Court "cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through 'artful pleading of [tort] claims' in the context of a contract dispute." *Food Marketing Consultants, Inc. v. Sesame Workshop*, No. 09-61776, 2010 WL 1571206, at *13 (S.D. Fla. Mar. 26, 2010) (quoting *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993)), *report and recommendation adopted*, 2010 WL 1571210 (S.D. Fla. Apr. 20, 2010). Indeed, "it is inappropriate . . . to depend solely on the legal labels used by the plaintiff to decide if his case arises out of the contract" when determining whether a forum-selection clause governs its claims. "Instead, when ascertaining the applicability of a contractual provision to particular claims, [the Court must] examine the substance of those claims, shorn of their labels." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 388 (2d Cir. 2007).

Regardless of how OHC would like to characterize its Complaint, the crux of this action is the extent to which Canales is permitted to use his own name, image, and likeness in light of

the agreements. All four agreements[5] contain provisions precisely detailing this very issue. As such, a court must interpret the parties' four agreements in order to resolve OHC's claims—and those claims fall squarely within the broad scope of the forum-selection clauses. Because the parties have "irrevocably submit[ted] to the exclusive jurisdiction" of New York courts and have "irrevocably waive[d]" any objections to New York courts as the agreed-upon venue, this action belongs before the courts of New York.

### B.      *Modified* **Forum Non Conveniens** *Analysis*

Although a valid forum-selection clause almost always governs, the Court must still engage in the modified *forum non conveniens* analysis. Post–*Atlantic Marine*, the Eleventh Circuit has ruled that "[a] binding forum-selection clause requires the court to find that the *forum non conveniens* **private factors** entirely favor the selected forum." *GDG Acquisitions, LLC v. Government of Belize*, 849 F.3d 1229, 1304 (11th Cir. 2017) (quoting *GDG Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1029 (11th Cir. 2014) (emphasis added)). What remains to be determined under this modified analysis, then, is whether the public interest factors weigh in favor of this action remaining in the Southern District of Florida or proceeding in the Southern District of New York. Those factors include the following:

> the administrative difficulties flowing from court congestion; the local interest in have localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

None of these factors operate to defeat Defendants' Motion. While the Court makes no finding as to whether New York law (as provided in all four agreements) or Florida law applies,

---

[5]   Section 9.17 of the Canales License Agreement incorporates the Contribution Agreement by reference. [ECF No. 30-4].

the judges in the Southern District of New York are eminently qualified to apply either in presiding over this case. *See, e.g.*, *Food Marketing Consultants, Inc.*, 2010 WL 1571206, at \*10 ("While this Court is capable of construing New York law, federal courts in New York engage in that exercise with far greater frequency and, thus, can fairly be expected to have developed some expertise in that area."). The Court cannot predict whether unnecessary problems with conflicts of law will arise (particularly between Florida law and New York law), but it can see no potential conflicts that the Southern District of New York would have to resolve that this Court would not also have to resolve, so this factor similarly does not weigh against transfer.

Regarding the value of having local controversies litigated locally, the Court finds that there would be value in having a New York court adjudicate a controversy brought by a New York limited liability company. The administrative difficulties flowing from court congestion weigh in favor of transfer, given that "the Southern District of Florida has one of the busiest dockets in the country." *Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1379 (S.D. Fla. 2011). That said, "this factor generally does not warrant significant consideration in the *forum non conveniens* analysis, and the Court does not accord it much weight." *Id.* at 1379–80. And finally, the Court does not see any potential unfairness in burdening citizens in New York with jury duty; quite the contrary, New York citizens likely have a compelling interest in adjudicating activities that affect companies headquartered within the state's borders. In sum, there is no indication that this is one of the "unusual cases" in which the public factors outweigh a valid forum-selection clause. *Atl. Marine*, 134 S. Ct. at 582.

Accordingly, because the parties' contractual forum-selection clauses are valid, broad in scope, and govern all claims asserted by OHC here, the Court concludes that the Defendants are entitled to a transfer of this action.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [ECF No. 49] is

    **GRANTED**; and

2.  The Clerk of the Court shall transfer this action in its entirety to the U.S. District

    Court for the Southern District of New York.

This action is **CLOSED** in this District.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of May, 2017.

 

 

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE